UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
HUGO SUBOTOVSKY and
GUIDO SUBOTOVSKY,   **COMPLAINT**

              Plaintiffs,   No. _____ Civ. _____

    -against-

PASTOR KYSHAWN CEDRIC WHITE and
SECOND PROVIDENCE BAPTIST CHURCH, INC.,

             Defendants.
-------------------------------------------------------------------------x

For their Complaint herein, Plaintiffs allege as follows:

### JURISDICTION AND VENUE

1. That this is a civil action seeking damages for defamation per se.

2. That this Court has subject matter jurisdiction over this action pursuant to, *inter alia*, 28 U.S.C. §1332.

3. That venue is proper pursuant to 28 U.S.C. §1391.

### THE PARTIES

4. Plaintiff HUGO SUBOTOVSKY is a natural person residing in the State of Florida.

5. Plaintiff GUIDO SUBOTOVSKY is a natural person residing in the State of New Jersey.

6. Upon information and belief, Defendant PASTOR KYSHAWN CEDRIC WHITE ("White") was and is at all relevant times herein, the pastor in charge of Defendant SECOND PROVIDENCE BAPTIST CHURCH, INC. ("SPBC"), is an employee of SPBC and who, upon information and belief, currently resides in the State of New York.

7.      Upon information and belief, Defendant, SPBC is a religious corporation with a principal place of business located at 11 West 116th Street, New York, New York 10026.

## FACTUAL BACKGROUND

8.      Plaintiffs repeat, reiterate and reallege each and every allegation contained in Paragraphs numbered "1" through "7" with the same force and effect as though more fully set forth at length herein.

9.      Commencing in or about February, 2023 and continuing to date, White disseminated libelous, defamatory information regarding Plaintiffs to people, including but not limited to Plaintiffs' business associates.

10.     The statements made to people, including but not limited to Plaintiffs' business associates, were libelous, defamatory and untrue, made with malice and reckless disregard and caused severe and special harm to Plaintiffs.

11.     Statements in particular were made by White at meetings which took place on February 28, 2023; April 11, 2023; April 17, 2023; May 9, 2023; August 2, 2023; September 10, 2023; September 19, 2023; November 14, 2023; and December 1, 2023, to Plaintiffs' business associates that Plaintiffs "are crooks". Said statements were also made prior to February, 2023.

12.     In addition, at meetings which took place on February 28, 2023; April 11, 2023; April 17, 2023; May 9, 2023; August 2, 2023; September 10, 2023; September 19, 2023; November 14, 2023; and December 1, 2023, White made statements to Plaintiffs' business associates that Plaintiffs "are using the church as a scapegoat and cheating their investors". Said statements were also made prior to February, 2023.

13. These statements in particular were communicated to Plaintiffs' business associates in a negligent, intentional, reckless, wanton and irresponsible manner without due regard for the rights of Plaintiffs.

14. In the making of these false and defamatory statements, White was motivated by actual malice and willfully intended to expose Plaintiffs to contempt and to injure Plaintiffs in their character and reputation.

15. By reason of the foregoing and as a direct result of White's actions in communicating libelous statements to people, including but not limited to Plaintiffs' business associates, Plaintiffs were damaged in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

16. Plaintiffs are entitled to punitive damages in an amount to be determined at trial.

### FIRST CLAIM FOR RELIEF AS AGAINST WHITE
### DEFAMATION PER SE

17. Plaintiffs repeat, reiterate and reallege each and every allegation contained in Paragraphs numbered "1" through "16" with the same force and effect as though more fully set forth at length herein.

18. Based on the foregoing, Plaintiffs have been damaged in an amount to be determined at trial, but no less than ONE MILLION ($1,000,000.00) DOLLARS.

19. Plaintiffs are also entitled to punitive damages against White on this cause of action in the amount of FIVE MILLION ($5,000,000.00) DOLLARS, as White's aforementioned conduct, *supra*, were intentional and wanton.

## SECOND CLAIM FOR RELIEF AS AGAINST SPBC
## VICARIOUS LIABILITY

20. Plaintiffs repeat, reiterate and reallege each and every allegation contained in Paragraphs numbered "1" through "19" with the same force and effect as though more fully set forth at length herein.

21. SPBC is vicariously liable for its employee White's negligent and/or intentional acts of defamation against Plaintiffs, without cause, provocation or justification while in the course of his employment as those acts were committed within the scope of White's employment.

22. SPBC is vicariously liable for its employee White's negligent and/or intentional acts of defamation against Plaintiffs without cause, provocation or justification while in the course of White's employment as those acts and White's conduct could have been reasonably anticipated by SPBC.

23. SPBC is vicariously liable for its employee White's negligent and/or intentional acts of defamation against Plaintiffs without cause, provocation or justification while in the course of White's employment as those acts by White arose from work-related activities as the White was acting within the scope of his employment for the purposes of SPBC when he committed the defamatory acts.

24. Upon information and belief, SPBC failed to put in place any corrective measures to prevent said actions on the part of White from recurring nor has SPBC sought to make Plaintiffs whole.

25. Based on the foregoing, Plaintiffs have been damaged in an amount to be determined at trial, but no less than ONE MILLION ($1,000,000.00) DOLLARS.

WHEREFORE, Plaintiffs demand judgment against Defendants as follows:

A. On the First Claim for Relief, an amount to be determined at trial, but believed to be not less than ONE MILLION AND 00/100 ($1,000,000.00) DOLLARS plus punitive damages in the sum of FIVE MILLION ($5,000,000.00) DOLLARS, plus applicable interest;

B. On the Second Claim for Relief, an amount to be determined at trial, but believed to be not less than ONE MILLION AND 00/100 ($1,000,000.00) DOLLARS;

C. The costs and disbursement necessarily incurred in the prosecution of this action; and

D. For such other and further relief as to this Court may seem just and proper herein.

Dated: New City, New York
February 29, 2024

Respectfully submitted,

ADAM K. KURLAND,
ATTORNEY AT LAW, P.C.

By: _____
Adam K. Kurland, Esq. (AKK-6948)
Attorneys for Plaintiffs
337 North Main Street, Suite 11
New City, New York 10956
(845) 638-4700

TO: Pastor Kyshawn Cedric White
11-13 West 116th Street
New York, New York 10026

Second Providence Baptist Church
11-13 West 116th Street
New York, New York 10026