UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HUGO SUBOTOVSKY et al.,

                      Plaintiffs,

  -against-

KYSHAWN CEDRIC WHITE et al.,

                      Defendants.

24-cv-1549 (AS)

ORDER

ARUN SUBRAMANIAN, United States District Judge:

    Plaintiffs Hugo and Guido Subotovsky have sued Defendants Kyshawn Cedric White and Second Providence Baptist Church for defamation. When they filed their original complaint, they alleged only the residency of the natural persons and the principal place of business of the church (which is incorporated). *See* Compl. ¶¶ 4–7, Dkt. 1. But for diversity jurisdiction, the citizenship of a natural person is determined by her domicile, *Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 126 (2d Cir. 2020), and a corporation is a citizen of both the state in which it keeps its principal place of business as well as the state in which it's incorporated, *Wash. Nat'l Ins. Co. v. OBEX Grp. LLC*, 958 F.3d 126, 133 (2d Cir. 2020).

    The Court flagged these issues and ordered Plaintiffs to file an amended complaint or propose some other action. *See* Dkt. 6. The next day, Plaintiffs filed an amended complaint in which they alleged that the corporation is "organized and existing according to the laws of the State of New York." Am. Compl. ¶ 7, Dkt. 7. But Plaintiffs continued to allege only the residency of the natural persons. *Id.* ¶¶ 4–6. So Plaintiffs still have not carried their burden to properly plead diversity jurisdiction, and the complaint must be dismissed without prejudice. *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002) ("It is hornbook law that the party invoking federal jurisdiction bears the burden of proving facts to establish that jurisdiction. That party must allege a proper basis for jurisdiction in his pleadings[.]" (cleaned up)); *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019) ("[R]esidence alone is insufficient to establish domicile for jurisdictional purposes.").

    The Court will give Plaintiffs one more chance to amend. The distinction between residency and domicile is sometimes thin, but it is decisive. And because this will be Plaintiffs' last chance to amend, they should consider addressing the issues raised in Defendants' motion to dismiss. For example, there is authority to suggest that conclusory allegations of damages are not enough to establish the jurisdictional amount in controversy. *See Locust Grp., LLC v. JMBT Live, Inc.*, 2024 WL 232493, at *2 (S.D.N.Y. Jan. 22, 2024).

    Lacking jurisdiction, the Court takes no position on the merits. But the Court reminds Plaintiffs of their burden under to "show[] that [they are] entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiffs

seem confused as to what this showing requires, citing both the plausibility standard as well as the old, "no set of facts" standard. Dkt. 22 at 4. For nearly twenty years, the federal standard has required a complaint to establish a "plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). In making this showing, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And though the Court "must take all of the factual allegations in the complaint as true, [it is] not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (internal quotation marks omitted). Similarly, although the Court will draw all reasonable inferences in Plaintiffs' favor, the complaint must include "factual content that allows the court to draw the reasonable inference." *Id.* Plaintiffs should not plead themselves out of their claims, but, in general, they should include as many historical facts as they can to give a sense of the events giving rise to the claims.

The Court trusts that the second amended complaint will heed this guidance, enabling the next round of briefing to home in on the key issues.

For these reasons, the motion to dismiss is GRANTED. The Clerk of Court is directed to close Dkt. 18.

Plaintiffs may file an amended complaint by July 3, 2024. Defendants' answer or renewed motion to dismiss will be due July 12, 2024. Plaintiffs' opposition brief to any motion to dismiss will be due by July 22, 2024, and Defendants' reply brief will be due by July 26, 2024.

SO ORDERED.

Dated: June 21, 2024
New York, New York

ARUN SUBRAMANIAN
United States District Judge